# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LESLIE HAMILTON,<br><br>*Plaintiff,*<br><br>v.<br><br>LOUISVILLE CARTAGE CO., INC., *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00241-TES |

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

Before the Court is Defendants' Motion to Exclude, or In the Alternative Strike, Plaintiff's Life Care Planning Expert [Doc. 32]. During discovery, Plaintiff identified Dr. Manijeh Berenji as an expert life care planner and provided a "life care plan" to Defendants that specified that Plaintiff would incur $446,350 in future medical expenses. [Doc. 32-1, pp. 1, 15]. As a result, Defendants deposed Dr. Berenji on March 11, 2024. *See* [Doc. 32-2, Berenji Depo.].[1] However, Defendants now move to exclude Dr. Berenji's testimony on two grounds. [Doc. 32].

First, Defendants contend that Dr. Berenji fails to meet the substantive requirements of expert testimony pursuant to Federal Rule of Evidence 702 and *Daubert*

---

[1] Defendants attached excerpts from Dr. Berenji's deposition along with her Motion to Exclude, not the entire deposition. *See* [Doc. 32-2, Berenji Depo.].

*v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In the alternative, Defendants ask the Court to exclude Dr. Berenji's testimony because although Plaintiff identified Dr. Berenji, Plaintiff failed to meet Federal Rule of Civil Procedure 26(a)(2)'s disclosure requirements for expert witnesses. [Doc. 32, p. 14]. The Court agrees that Plaintiff failed to properly disclose Dr. Berenji pursuant to Rule 26(a) and accordingly, **GRANTS** Defendants' Motion to Strike [Doc. 32]. Even if Plaintiff's disclosure was proper, however, Dr. Berenji's testimony also fails substantively.

## BACKGROUND

Following an automobile accident in which driver Ronald Skinner struck Plaintiff's vehicle, Plaintiff subsequently filed suit against Defendants. [Doc. 12, ¶¶ 10–11]. To offer opinion testimony as to Plaintiff's damages, Plaintiff's counsel identified Dr. Manijeh Berenji, an occupational and environmental medicine physician,[2] as an expert life care planner and emailed Defendants a life care plan for Plaintiff that Dr. Berenji prepared.[3] Compiled after Dr. Berenji conducted a "detailed review" of Plaintiff's medical records and interviewed Plaintiff, Dr. Berenji's life care plan lists medical costs that Plaintiff is likely to incur—including surgeries such as a lumbar

---

[2] The report identifies Dr. Berenji as a "board-certified" physician in Occupational Medicine with "10 years of experience using evidence-based medical (EBM) nationally recognized treatment guidelines to pre-certify the treatment and rehabilitation of injuries for various insurance companies." [Doc. 32-1, p. 2].

[3] Defendants mention this email (which Defendants state was in November 2023) in their Motion to Strike. *See* [Doc. 32, pp. 2, 15]. However, it should be noted that there is no documentation of the email on the record, only the allegedly attached life care plan. *See* [Doc. 32-1].

discectomy, lumbar hardware removal, and cervical microdiscectomy, various injections, and a Functional Restoration Program—totaling $446,350.[4] [*Id*. at pp. 2, 14–15].

After receiving the life care plan, Defendants deposed Dr. Berenji. [Doc. 32-2, Berenji Depo.]. In the excerpts of the deposition that Defendants attached to their Motion to Strike, Dr. Berenji stated that she has worked with Medical Life Care Planners for over a year, and although she is not a certified life care planner, she has been taking steps to become one—including learning from her colleagues via a listserv where people post questions and comments about life care planning, as well as starting a course to get certified. [*Id*. at pp. 8:1–10:7]. However, when asked, Dr. Berenji clarified that she has only completed the introductory module of the course. [*Id*. at p. 8:18-22].

Dr. Berenji further testified that she has provided deposition testimony in various areas. [*Id*. at p. 2:2-18]. For one, she is a qualified medical examiner and has testified in that capacity. [*Id*.]. Although not yet a certified life care planner, she has been providing life care planning services for "[a] little over a year," providing "at least a few [life care plans] a month," and has also given deposition testimony in other cases

---

[4] In their Motion to Strike, Defendants assert that Dr. Berenji only spoke with Plaintiff over the phone for 30 minutes. [Doc. 32, p. 13]. However, the excerpts of her deposition that Defendants provided only reveals only that Dr. Berenji does not recall how long her phone call with Plaintiff specifically was. *See* [Doc. 32-1, p. 8:2-4]. It appears that Dr. Berenji might have said that such interviews typically last "30 minutes on average." [*Id*. at p. 8:1]. However, the "30 minutes on average" line appears at the very top of an excerpted page, and because Defendants only provided excerpts of the testimony and failed to provide the preceding page, the Court cannot tell for certain what Dr. Berenji was saying. *See* [*id*.].

3

in that capacity. [*Id*. at p. 2:17-25].

Moreover, Dr. Berenji stated that in her capacity as an occupational physician, she is not in a position to recommend something like spinal surgery but instead acts as a primary care physician and refers patients to specialists, who can then recommend surgery. [*Id*. at pp. 22:13–23:13]. Her life care plan noted that "an attempt" at speaking with Plaintiff's treating physician "was not successful," and additionally, although a questionnaire was sent to the treating physician, it was not returned to Medical Life Care Planners. [Doc. 32-1, p. 2]. In other words, Dr. Berenji did not speak with any of Plaintiff's treating physicians, despite that Plaintiff told her that none of them recommended any surgeries. [Doc. 32-2, Berenji Depo., p. 44:1-16]. Instead, in addition to speaking with Plaintiff, Dr. Berenji compiled her report using "multiple medical guidelines that . . . provide information as to the additional possible treatments that might be incurred as a result of their respective conditions." [*Id*. at p. 23:14-22].

## DISCUSSION

1. **Rule 26's Disclosure Requirements**

    **A. Legal Standard**

    The Federal Rules of Civil Procedure provide that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). All disclosures "must be in writing, signed, and served." Fed. R. Civ. P. 26(a)(3)(4). Additionally, when

4

a witness is "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a written report "prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The written report must include *all* of the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id*. The requirements for expert witness disclosures "are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," so "compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citation omitted). These are conjunctive requirements, meaning that Plaintiff's written report must satisfy all of them—not some of them.

Under Rule 37, a party that fails to identify a witness as required by Rule 26(a) cannot "use the information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of demonstrating that a failure to disclose was substantially justified or harmless falls on the non-disclosing party. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam). "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation." *Id*. at 823.

**B. Analysis**

Defendants argue (1) that Plaintiff's disclosure of Dr. Berenji failed to meet Rule 26(a)(2)(B)'s requirements for witnesses specifically retained to provide expert testimony and (2) Plaintiff cannot meet his burden in showing the noncompliance was justified or harmless. [Doc. 32, pp. 14, 16]. Plaintiff did not respond and therefore made no argument as to how he met Rule 26's requirements or if he failed to, how the noncompliance was justified or harmless. *See* [Doc. 38 (extending the time to file dispositive motions until July 1, 2024)]; [Doc. 40 (noting that the time to file Daubert motions expired)].

Defendants first argue that Plaintiff failed to properly disclose Dr. Berenji as an expert witness because although Plaintiff's counsel emailed the life care plan to Defendants, Plaintiff did not comply with Rule 26(a)(4)'s requirement that an expert disclosure be written, signed, *and served* on the other party. *See* [Doc. 32, p. 15]; Fed. R. Civ. P. 26(a)(4). Nothing in the record indicates that Plaintiff ever served any report at all; he only emailed the life care plan to Defendants. Therefore, the Court agrees that Plaintiff failed to meet Rule 26(a)(4)'s requirement.

Next, Defendants argue that Dr. Berenji's written report failed to satisfy the requirements of Rule 26(a)(2)(B) for experts specifically retained to provide expert testimony. [Doc. 32, pp. 15–16]. First, they argue, Plaintiff failed to meet the requirement to list all other cases in the past four years in which the witness has testified as an expert

6

witness—despite that Dr. Berenji later testified that she is deposed at least a few times per month. [Doc. 32, pp. 15–16]; [Doc. 32-2, Berenji Depo., p. 6:2-8]; *see* Fed. R. Civ. P. 26(a)(2)(B)(v). Dr. Berenji's life care plan does not include any such list. *See* [Doc. 32-1]. While this failure alone would be sufficient to strike the witness (absent a showing of justification or harmlessness), Plaintiff also failed to meet another Rule 26 requirement.

Although Defendants ultimately obtained a copy of Dr. Berenji's CV, they obtained it through a subpoena to Medical Life Care Planners, not Plaintiff's expert disclosure. *See* [Doc. 32, p. 16]. Thus, Plaintiff failed to provide the basis for the expert's qualifications. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv) ("Th[e] report must contain . . . the witness's qualifications, including a list of all publications authored in the previous 10 years.").[5]

Granting that Plaintiff failed to satisfy Rule 26(a)(2)(B)'s requirements for written reports, Plaintiff now bears the burden of showing that the noncompliance was substantially justified or harmless. *Mitchell*, 318 F. App'x at 823; Fed. R. Civ. P. 37(c)(1). Defendants note that—unlike in other cases in which the court found that late disclosure was harmless—Plaintiff here has still not disclosed the expert. [Doc. 32, p. 17]; *see, e.g.*, *Stoner v. Fye*, No. 5:15-CV-102-CAR, 2016 WL 3869853, at *2 (M.D. Ga. July

---

[5] Defendants also argue that Plaintiff failed to meet requirement to include "any exhibits that will be used to summarize or support" the expert's opinions. [Doc. 32, pp. 15–16]; *see* Fed. R. Civ. P. 26(a)(2)(B)(iii). However, the Court reads that requirement as contingent on whether Plaintiff intends to use any exhibits to summarize the report, and on that point, it is unclear whether Plaintiff intended to use any exhibits. Therefore, the Court cannot say that Plaintiff failed to meet that requirement.

15, 2016). And while Defendants did ultimately depose Dr. Berenji, the Court agrees that Plaintiff's failure to disclose the other cases in which she has provided expert testimony prejudiced Defendants by limiting their ability to compare her testimony in other cases and cross-examine her about any similarities or inconsistencies. *See* [Doc. 32, p. 17]. Accordingly, the Court **GRANTS** Defendant's Motion to Exclude Dr. Berenji on procedural grounds for failing to provide an expert report as required by Rule 26.

Nevertheless, even if Plaintiff had properly disclosed Dr. Berenji under Rule 26(a)(2)(B), she still fails to qualify as an expert life care planner under the substantive requirements of Federal Rule of Evidence 702 and *Daubert*.

### 2. Rule 702 and *Daubert*'s Substantive Standard

#### A. Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony even if properly disclosed. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education" may present expert testimony if: "(a) the witness's scientific, technical or specialized knowledge is helpful to a trier of fact; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the witness reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *United States v. Rodriguez*, 591 F. App'x 897, 899 (11th Cir. 2015) (citing Fed. R. Evid. 702). Under *Daubert,* the trial court must determine whether an expert's testimony is based on reasoning or methodology that is

scientifically valid and whether that methodology can be applied to the facts at issue. *Daubert*, 509 U.S. at 592–93; *see also Kumho Tire Co.*, 526 U.S. 137, 141 (1999) (clarifying that *Daubert* applies to all expert testimony, not just scientific testimony).

However, while *Daubert* requires the Court to take on the role of gatekeeper, a trial judge should not displace the adversarial system or the role of a jury. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (quoting *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001)). In other words, while a court must "ensure that speculative, unreliable expert testimony does not reach the jury," *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002), "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341; *Maiz*, 253 F.3d at 666. Instead, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596).

**B. Analysis**

Defendants first argue that Dr. Berenji is not qualified to testify as an expert witness regarding life care planning because (1) she is not certified as a life care planner and (2) she lacks experience in the field. [Doc. 32, p. 5]. Although Defendants acknowledge that lack of certification is not dispositive, they argue that such a lack—

paired with the fact that Dr. Berenji has only been preparing life care plans for about a year and only has any training by way of the introductory module of certification coursework and by following a listserv—demonstrates that she is not qualified to speak as an expert in that area. [*Id.* at p. 6]. Defendants further cite to Dr. Berenji's deposition, where she testified that she is not in a position to recommend spinal surgeries to patients and does not have training in the areas in which she recommended Plaintiff have treatment (spinal surgery, neurosurgery, orthopedics, physical therapy, pain management, optometry, or radiology). [*Id.* at pp. 7–8 (citing [Doc. 32-2, Berenji Depo., p. 12:5-24])].

Next, Defendants argue that Dr. Berenji's testimony is not based on sufficient facts or data to be reliable. [Doc. 32, p. 8]. In particular, they argue that Dr. Berenji "failed to take into account" that none of Plaintiff's treating physicians recommended surgery when she formulated her life care plan. [*Id.* at p. 9]. To support their argument, Defendants cite a piece of Dr. Berenji's deposition testimony, in which she stated that life care plans do not "get into individual case-by-case discussions between . . . patient[s] and their treating provider[s]" and instead rely on "medical treatment guidelines to provide [her] with a substantiated evidence-based recommendation." [*Id.* at p. 10]; [Doc. 32-2, Berenji Depo., 39:11-20]. Further, Dr. Berenji neither spoke with nor received any information from any of Plaintiff's treating physicians. [*Id.* at 16:5–17:25]. In sum, Defendants argue that because Dr. Berenji's life care plan was based on

10

generalized medical guidelines, rather than Plaintiff's specific circumstances with his treating physicians, Dr. Berenji's expert opinion is not based on "sufficient facts or data." *See* [Doc. 32, pp. 8–12]; Fed. R. Evid. 702(b).

Dr. Berenji's lack of qualification alone doesn't disqualify her as an expert witness. However, her guideline recommendations that are not based on any consultation with Plaintiff's treating physician does. *See M.D.P. v. Middleton*, 925 F. Supp. 2d 1272 (M.D. Ala. 2013) (allowing a life care planner to testify as an expert witness where the life care planner was certified and did not make medical recommendations, but rather, relied on the medical recommendations of the plaintiff's treating doctors). Dr. Berenji testified that she is not qualified to determine if her own patients need the kind of surgeries she believes are necessary for Plaintiff. *See* [Doc. 32-2, Berenji Depo., p. 12:5-24]. Without discussing the need for more surgeries with qualified physicians, she necessarily relies on her own lack of expertise or resorts to a generic set of guidelines to support her opinions. Under either scenario, Dr. Berenji cannot offer the requisite reliability for her opinions and thus fails the *Daubert* test.

Finally, appealing to Rule 702(a)'s requirement that the expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue," Defendants argue that Dr. Berenji's testimony would only confuse a jury. [Doc. 32, p. 12]; *see* Fed. R. Evid. 702(a). In other words, Defendants argue that Dr. Berenji's testimony is not relevant. *See* [Doc. 32, p. 14]; *Daubert*, 509 U.S. at 591 ("This condition goes primarily to

relevance."). The Court disagrees with the suggestion that Dr. Berenji's testimony "does not relate to any issue in the case." *See Daubert*, 509 U.S. at 591. Although it may be disputable and unreliable, it certainly would be relevant if allowed. That said, given that the Court agrees that Dr. Berenji's testimony fails Rule 702's other requirements (namely, her lack of qualification to provide spinal and other surgery recommendations and her lack of consultation with the treating physicians), the Court finds that her expert testimony must be excluded.

## CONCLUSION

As explained above, Plaintiff failed to properly disclose Dr. Berenji as an expert witness pursuant to Rule 26(a). However, even if Plaintiff had properly disclosed Dr. Berenji, her testimony fails to meet the substantive standard for expert witnesses under Federal Rule of Evidence 702 and *Daubert*. Accordingly, the Court **GRANTS** Defendant's Motion to Strike [Doc. 32]. Plaintiff will not be allowed to use Dr. Berenji as an expert witness.

**SO ORDERED**, this 21st day of May, 2024.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**